CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
chaz@raineylegal.com
RAINEY LEGAL GROUP, PLLC
9340 W. Martin Avenue, Second Floor
Las Vegas, Nevada 89148
+1.702.425.5100 (ph)
+1.888.867.5734 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Criminal Productions, Inc., a Nevada corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>DOES 1 – 22<br><br>      Defendants | Case No.: 2:16-cv-01968<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

    Pending before the Court is Plaintiff's motion for leave to conduct limited discovery prior to the conference required under Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"). Docket No. 3. For the reasons that follow, Plaintiff's motion is GRANTED.

    Plaintiff alleges that Defendants used BitTorrent, an Internet peer-to-peer file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. See Docket No. 1 at 3-11. To date, Plaintiff can only identify Defendants by the Internet Protocol ("IP") addresses they used to allegedly infringe on Plaintiff's copyright. Docket No. 3 at 2. Plaintiff represents that Internet Service Providers ("ISPs") maintain logs that record the date, time, and customer identity for each IP address assignment they make. *Id.* Plaintiff seeks leave "to serve limited, immediate discovery" on the ISPs that own the IP addresses at issue in this case in order to ascertain Defendants' true identities. *Id.* In particular, Plaintiff requests leave to serve FRCP 45 subpoenas upon Defendants' ISPs and any related intermediary ISPs that own the relevant IP addresses, prior to the FRCP 26(f) conference. *See id.*

    "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under

1

1  Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."
2  Fed.R.Civ.P. 26(d)(1). Courts have adopted a good cause standard to evaluate requests for
3  expedited discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.
4  Cal. 2002). In *Semitool*, the Court found that "[g]ood cause may be found where the need
5  for expedited discovery, in consideration of the administration of justice, outweighs the
6  prejudice to the responding party. *Id.* "[G]ood cause is frequently found in cases involving
7  claims of infringement[.]" *Id.*; *see also Liberty Media Holdings, LLC v. Letyagin*, 2012 WL
8  3135671, *3 (D. Nev. Aug. 1, 2012)

9       The Ninth Circuit has held that where the identity of the defendants is unknown
10 prior to the filing of a complaint, the plaintiff should be given opportunity through
11 discovery to identify the unknown defendant, unless it is clear that discovery would not
12 uncover the identities, or that the complaint would be dismissed on other grounds.
13 *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*,
14 629 F.2d 637, 642 (9th Cir.1980)).

15      For good cause shown, the Court GRANTS Plaintiff's motion. Docket No. 3. Plaintiff
16 may serve Rule 45 subpoenas upon the ISPs and any related intermediary ISPs that own
17 the IP addresses at issue in the instant case, prior to the Rule 26(f) conference. The
18 subpoenas will demand solely the true name, address, telephone number, e-mail address,
19 and Media Access Control address for the account holder to whom the relevant IP
20 addresses were assigned at the date(s) and time(s) that the alleged infringement activity
21 occurred. Plaintiff will use the information it obtains from the ISPs in response to these
22 subpoenas solely to prosecute the claims it has made in the instant case.

23     IT IS SO ORDERED
24       DATED: August 23, 2016

                                                                 UNITED STATES MAGISTRATE JUDGE

26 *Respectfully submitted by:*
    /s/ Charles Rainey
27    CHARLES C. RAINEY, ESQ.
    Nevada Bar No. 10723
28

RAINEY LEGAL GROUP PLLC
9340 W. Martin Avenue
Las Vegas, Nevada 89148
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)